UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**PRIME PROPERTY AND CASUALTY INSURANCE COMPANY,**

    Plaintiff,

v.                                        Case No: 5:23-cv-731-JSM-PRL

**ENDORA LION TRUCKING, INC.,** et al.,

    **Defendants.**

## ORDER

Pending before the Court are Plaintiff's motions for entry of default against Defendant Abraham Betancourt Cruz (Doc. 47), Betancourt Hauling, Inc. (Doc. 48), and Endora Lion Trucking, Inc. (Doc. 49). Pursuant to Federal Rule of Civil Procedure Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." However, before a clerk's default can be entered, the serving party must establish that the defaulting party was properly served. *See Colclough v. Gwinnett Pub. Schs.*, 734 F. App'x 660, 662 (11th Cir. 2018) (per curiam) (finding that the court could not enter a clerk's default where the plaintiff had not properly served the defendant) (citations omitted); *Chambers v. Halsted Fin. Servs., LLC*, No. 2:13-cv-809-FtM-38CM, 2014 WL 3721209, at *1 (M.D. Fla. July 28, 2014) ("Prior to directing the [c]lerk to enter a default, [a c]ourt must first determine whether the [p]laintiff properly effected service of process.") (citation omitted).

Rule 4(e) of the Federal Rules of Civil Procedure allows a plaintiff to effect service in any judicial district of the United States by either (1) following the law regarding service of a summons of the state in which the district court is located or where service is made or (2) by delivering a copy of the summons and complaint to the individual personally, by leaving a copy of each at the individual's dwelling with someone of suitable age or discretion who resides there, or by delivering a copy of each to an agent authorized by appointment or law to receive such. As this Court is in Florida and service was "effected" in Florida, Plaintiff must show that service was sufficient either under federal or Florida law.

According to Plaintiff, it served Defendant Abraham Betancourt Cruz via publication as authorized by Florida law. The Court previously granted Plaintiff's motion for alternative service by publication (Doc. 41), and pursuant to that Order, Plaintiff published a Notice of Action in the Star Banner News for the weeks of June 28, 2024, July 5, 2024, July 12, 2024, and July 19, 2024. (Doc. 46). According to the Notice of Action, Defendant Betancourt had until July 29, 2024, to respond to the Complaint. That deadline has passed, and he has not appeared, filed a response to the Complaint, or requested an extension of time to respond. Accordingly, the motion for clerk's default (Doc. 47) is **GRANTED** and a clerk's default shall be entered against Defendant Abraham Betancourt Cruz.

As to the other two Defendants—Betancourt Hauling, Inc., an active Florida corporation, and Endora Lion Trucking, Inc., an inactive/dissolved Florida corporation—Plaintiff contends both were served via substitute service on the Florida Secretary of State. Service on a domestic corporation (and dissolved domestic corporation) is governed by

Florida Stat. §48.081,[1] which authorizes service on the Florida Secretary of State if, after due diligence, service cannot be made on the registered agent, or any person listed publicly on its latest annual report.[2] Here, Plaintiff filed an affidavit documenting the repeated efforts it made to serve these Defendants through Betancourt—who is listed as the registered agent and the only officer/director on the most recent annual reports for both corporations. Accordingly, Plaintiff met its burden to show that substituted service was justified, and that it exercised due diligence in attempting to locate and effectuate personal service on Defendants before using substituted service.

Pursuant to §48.161, Plaintiff made substituted service on the Secretary of State, who confirmed accepting service of process for Endora Lion Trucking, Inc. on June 12, 2024 (Doc. 45-3 at 2), and Betancourt Hauling, Inc. on June 17, 2024 (Doc. 45-4 at 2). Service of process is deemed effectuated on the date the service is received by the Department of State. As required by the statute, on June 18, 2024, Plaintiff sent to each Defendant a copy of the return of service, notice of service through Secretary of State, and Amended Complaint for Declaratory Judgment. (Docs. 45-5, 45-6) and filed an affidavit of compliance. (Doc. 45).

Accordingly, the Court finds that Plaintiff effected service of the Amended Complaint on Endora Lion Trucking, Inc. on June 12, 2024, and on Betancourt Hauling, Inc. on June 17, 2024. Pursuant to Rule 12(a)(1)(A), Fed.R.Civ.P., Defendants were required to serve a responsive pleading within 21 days after being served. That deadline has passed and neither

---

[1] Section 48.101, which governs service on dissolved corporations, provides that process against dissolved domestic corporations must be served in accordance with §48.081.

[2] Plaintiff incorrectly cites §48.062 which applies to service on a domestic limited liability company and §48.181 which governs substituted service on nonresidents and foreign business entities engaging in business in the state or concealing their whereabouts.

- 4 -

Defendant has appeared in this action, filed a response to the Amended Complaint, or requested an extension of time to respond.f

For these reasons, Plaintiff's motions for clerk's default as to both Defendants (Docs. 48 and 49) are **GRANTED** and a clerk's default shall be entered against Defendant Betancourt Hauling, Inc. and Defendant Endora Lion Trucking, Inc.

**DONE** and **ORDERED** in Ocala, Florida on August 7, 2024.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties