**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

PRIME PROPERTY AND CASUALTY
INSURANCE COMPANY,

    Plaintiff,

v.                                         Case No: 5:23-cv-731-JSM-PRL

ENDORA LION TRUCKING, INC.,
MIKE E. RIVERA APONTE, PHILLIP C.
HARGROVE, BETANCOURT
HAULING, INC., and ABRAHAM
BETANCOURT CRUZ,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon the parties' cross-motions for summary judgment and their respective responses and replies. The Court, upon review of these filings, and being otherwise advised in the premises, concludes that Plaintiff's motion should be denied and Defendant Phillip C. Hargrove's motion should be granted because some of the alleged claims asserted in the underlying action are potentially covered under the subject policy. Accordingly, Plaintiff Prime Property and Casualty Insurance Company has a duty to defend the underlying action.

## BACKGROUND

On August 24, 2022, Mike Edgardo Rivera Aponte was driving a semi-truck registered to Endora Lion Trucking, Inc. The semi-truck collided with Hargrove's vehicle, causing extensive damages. Hargrove filed a multi-count complaint in state

court, alleging, in relevant part, that Endora gave permission to Aponte and Abraham Betancourt Cruz to use, maintain, and operate the vehicle. Hargrove further alleged that Aponte and Cruz were Endora's agents and acting within the scope of their employment at the time of the crash.

The crash was not minor. The trailer was a "total loss." Prior to the accident, Prime issued a commercial auto insurance policy to Endora, effective through April 29, 2023. The policy provided coverage up to $1,000,000.00 per accident and extended to situations where "[t]he Covered Auto is being used in the course and scope of the Named Insured's Commercial Auto Operations at the time of the Accident," and "[t]he Covered Auto is being operated by a Permissive Driver at the time of the Accident."

Prime brought this action seeking a declaration from the Court that, under the insurance policy it issued to Endora Lion, it has no obligation to defend, or therefore indemnify Endora Lion, Aponte, Betancourt Hauling, and Cruz in connection with the August 24, 2022, automobile accident.

Prime argues that it is undisputed that Aponte was operating the vehicle that was involved in the subject accident with Hargrove and that coverage does not extend under the subject policy because Aponte was not a "Scheduled Driver" under the clear language of the policy. According to the Policy's ACA-FL-03 Endorsement, "coverage is limited to situations in which a Covered Auto is being maintained, occupied, or operated by a Scheduled Driver" and "[t]here is no coverage under the Policy for any new driver until the driver has been scheduled on the Policy by way of an Endorsement issued by the Insurer and the associated premium for the driver has been paid."

Now both parties move for summary judgment on Prime's duty to defend.

## **SUMMARY JUDGMENT STANDARD OF REVIEW**

Motions for summary judgment should be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotation marks omitted); Fed. R. Civ. P. 56(c). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the court must examine the evidence in the light most favorable to the nonmovant and draw all justifiable inferences in its favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248–49.

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior*

3

*Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379, 1383 (11th Cir.1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

## DISCUSSION

Under Florida law, an insurer's duty to defend is triggered when the underlying complaint against its insured "fairly brings the case within the scope of coverage." *Princeton Excess & Surplus Lines Ins. Co. v. Hub City Enters., Inc.*, 808 F. App'x 705, 708 (11th Cir. 2020). "If there is any doubt about the insurer's duty to defend, then the ambiguity must be resolved in favor of the insured." *Id.*; *see also Stephens v. Mid-Continent Cas. Co.*, 749 F.3d 1318, 1323 (11th Cir. 2014) ("The duty to defend arises if the relevant pleadings allege facts that fairly and potentially bring the suit within policy coverage.").

When the allegations in the underlying complaint "show either that a policy exclusion applies or that no coverage exists, no duty to defend arises." *Kenneth Cole Prods., Inc. v. Mid-Continent Cas. Co.*, 763 F. Supp. 2d 1331, 1334 (S.D. Fla. 2010) (citing *Fed. Ins. v. Applestein*, 377 So. 2d 229, 232 (Fla. 3d DCA 1979)). But, when an insurer relies on a policy exclusion to deny coverage, "it has the burden of demonstrating that the allegations of the complaint are cast solely and entirely within the policy exclusion and are subject to no other reasonable interpretation." *Hartford Acc. &*

*Indem. Co. v. Beaver*, 466 F.3d 1289, 1296 (11th Cir. 2006). While ambiguous policy language is construed against the drafter and in favor of the insured, "exclusionary clauses are construed *even more strictly* against the insurer than coverage clauses." *Auto-Owners Ins. Co. v. Anderson*, 756 So. 2d 29, 34 (Fla. 2000) (emphasis added). Any doubt regarding the duty to defend is resolved in favor of the insured. *See Miranda Constr. Dev., Inc. v. Mid-Continent Cas. Co.*, 763 F. Supp. 2d 1336, 1339 (S.D. Fla. 2010).

      The Court has reviewed the parties' filings and agrees with Prime that there is no coverage for Aponte's negligence because he was not a "Scheduled Driver" under the clear language of the subject policy. As Prime points out, Florida courts considering identical or similar policy language have confirmed that these sorts of driver endorsements operate to preclude coverage for any claims or lawsuits arising from incidents involving the operation of a motor vehicle by an individual not scheduled on an insurance policy as an approved or scheduled driver. These endorsements have been consistently upheld as unambiguous and enforceable, such that coverage is precluded in instances where the subject vehicle is operated by an unapproved driver. *See* (Dkt. 60 at 13-15) (listing cases).

      But the analysis does not end there because the Underlying Action includes direct claims against Endora and Cruz and Cruz, Endora's President, is a scheduled driver under the subject policy. Notably, the second amended complaint in the Underlying Action alleges that Cruz "had a duty to maintain, control, use, and supervise the operation" of the vehicle, he "negligently maintained, controlled, used, operated, and/or placed the semi-tractor with the trailer so that it collided with Hargrove's vehicle[,]" he failed to use

adequate lighting, and Cruz therefore directly and/or proximately caused the subject accident.

Prime essentially asks this Court to ignore the claims against Endora and Cruz, arguing that they are frivolous and a strategic attempt to trigger Prime's duty to defend. The issue with Prime's arguments is that the Court cannot weigh the merits of the claims alleged in the Underlying Action because that is not how a duty to defend is analyzed. At times, both parties ignore this standard in their filings. For example, while Prime questions Hargrove's strategy in adding the negligence claim against Cruz, Hargrove argues that, if it is proven that the vehicle had defective lighting, "the lighting certainly could have a causal connection to the injuries suffered by Hargrove given that Aponte, the driver, was cited for improperly backing into the street at 6:24 in the morning. Aponte also claims he did not see any vehicles approaching." Hargrove also contends that Cruz, Endora's president and a Scheduled Driver, "was responsible for ensuring the safety and maintenance of the vehicle" and that "Prime's motion for summary judgment does not touch on the issue of Hargrove's direct liability claims against Endora and Cruz." Again, the Court cannot weigh these facts or the viability of the legal claims.

The Court underscores that "[i]f the complaint alleges facts partially within and partially outside the coverage of the policy, the insurer is obligated to defend the entire suit." *Grissom v. Com. Union Ins. Co.*, 610 So. 2d 1299, 1306–07 (Fla. Dist. Ct. App. 1992). So long as the complaint alleges facts that create potential coverage under the policy, the insurer must defend the suit. *Id.* "If it later becomes apparent (such as in an amended complaint) that claims not originally within the scope of the pleadings are being

made, which are now within coverage, the insurer upon notification would become obligated to defend." *Id.* "[A]nd the insurer must defend even if the allegations in the complaint are factually incorrect or meritless." *Jones v. Florida Ins. Guar. Ass'n, Inc.*, 908 So. 2d 435, 443 (Fla. 2005). Again, "[a]ny doubts regarding the duty to defend must be resolved in favor of the insured." *Id.*

In sum, Hargrove alleged claims that are potentially within the scope of coverage. The analysis ends here with respect to Prime's duty to defend, regardless of the ultimate outcome of the Underlying Action. So, the duty to defend covers the entire lawsuit.

It is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Summary Judgment (Dkt. 60) is denied.
2. Defendant Hargrove's Motion for Summary Judgment (Dkt. 67) is granted to the extent stated herein.
3. Because there has been no resolution of the Underlying Action, a determination of Plaintiff's duty to indemnify is premature at this point. Consequently, this case is stayed pending resolution of the Underlying Action.
4. The Clerk is directed to administratively close the case.

5. Plaintiff is responsible for notifying the Court when the Underlying Action is resolved.

**DONE** and **ORDERED** in Tampa, Florida, this May 28, 2025.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record